### T. H. JENNETT v. PEOPLES·TRANSPORTATION COMPANY AND B. A. CREDLE.

(Filed 13 September, 1916.)

**1. Corporations—Insolvency—Agreement of Stockholders—Individual Action.**

Where the stockholders of a corporation agree among themselves to contribute pro rata to pay off the corporation's debts to enable it to continue in business, they may maintain their suit and enjoin one of them from enforcing the collection of a debt owed him by the corporation, contrary to his agreement to contribute, without making demand upon the corporation to do so.

**2. Appeal and Error—Interlocutory Orders—Necessary Determination.**

While an appeal from this order restraining the enforcement of a stockholder's judgment against a corporation is interlocutory in its nature, it will not be dismissed, it being necessary to determine the question to adjust the debts of the corporation and before further orders could be taken in the cause.

APPEAL by defendant Credle from *Allen, J.*, at May Term, 1916, of HYDE.

*Ward & Grimes and Mann & Jones for plaintiff.*
*Thomas S. Long and H. C. Carter, Jr., for defendant.*

CLARK, C. J. This action was brought against the Peoples Transportation Company, a corporation, by the plaintiff, who was a stockholder

and creditor, for the appointment of a receiver and to wind up its affairs. The stockholders, who had all advanced money to pay bills of the corporation, met to arrange for the adjustment of their debts, to the end that the corporation might resume operations. The amount of the advances made by each stockholder was ascertained and the total ascertained. The plaintiff contends that each stockholder as creditor agreed to contribute an amount representing his pro rata of stock to payment of debts. Two of said stockholders, lacking some $213 of having enough in claims against the corporation to pay their pro rata of indebtedness under such agreement, executed a note secured by a mortgage to plaintiff in pursuance of such agreement.

The defendant B. A. Credle, one of the creditor stockholders, who held a judgment against the company, in violation, as plaintiff contends, of the above agreement, attempted to collect his judgment by execution. Thereupon, on motion of plaintiff, B. A. Credle was made a party defendant, and a restraining order was issued against him to prevent collection of his judgment, alleging the above agreement to put his claim against the company into hotchpotch with the other creditors in order to adjust the debts of the corporation, and also alleging fraud in obtaining the said judgment. On the trial the only issue submitted was whether B. A. Credle had agreed with the other stockholders to pay off the indebtedness of said corporation, and was this judgment a part of his proportion of the indebtedness thus assumed. The jury found the issue in the affirmative.

The defendant Credle contends:

1. That the suit was improperly instituted, because the plaintiff had not made a demand upon the corporation to bring suit against the defendant B. A. Credle, to restrain his alleged judgment.

2. That the defendant never was a party to the alleged adjustment of debts of the corporation, and did not agree to place this judgment in hotchpotch with the other claims of the stockholders, creditors. The jury found the issue of fact on this last proposition against the defendant Credle.

It was not necessary that the plaintiff should make a demand upon the corporation to bring suit against the defendant Credle. The agreement was made, as the jury find, among all the stockholders, who were creditors, in order to substitute such arrangement in lieu of further proceedings to wind up the corporation. The restraining order to prohibit Credle from proceeding further in the collection of the judgment was a very proper and, indeed, a necessary proceeding in the cause.

The other exceptions by the defendant do not require discussion. Though this phase of the proceeding is somewhat interlocutory in its nature, an appeal lay, as a different result would have put an end to

the effort to adjust the debts of the corporation, and it was necessary to determine this issue of fact as to the alleged agreement before further orders could .be taken in the cause.

No error.